**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| XL INSURANCE AMERICA, INC. and XL SPECIALTY INSURANCE COMPANY,<br><br>        Petitioners,<br><br>    -against-<br><br>VENSURE HR, INC.,<br><br>        Respondent. | Civ Case No. 1:23-3782<br><br>PETITION TO COMPEL COMPLIANCE WITH ARBITRATION SUBPOENA |

Petitioners XL Insurance America, Inc. and XL Specialty Insurance Company (collectively, "Petitioners"), by and through their attorneys Thomas Kadian LLC, for this Petition against Respondent Vensure HR, Inc. ("Respondent"), allege as follows:

## PARTIES

1.      Petitioner XL Insurance America, Inc. is a corporation organized under the laws of the State of Delaware.  Petitioner XL Specialty Insurance Company is a corporation organized under the laws of the State of Delaware.  Petitioners are authorized to transact and have transacted business in the State of New York.

2.      Respondent is a corporation organized under the laws of the State of Arizona with a principal place of business in Chandler, Arizona.  Upon information and belief, Respondent is authorized to transact and has transacted business in the State of New York.

## JURISDICTION AND VENUE

3.      This is a proceeding to enforce arbitration subpoenas arising under Section 7 of the Federal Arbitration Act, 9 U.S.C. § 7 and compelling the attendance of Respondent before an arbitrator sitting in this district.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the arbitration Panel, or a majority of them, is sitting in this district.

## FACTS

6.      This proceeding arises from an arbitration between Petitioners and nonparty Personnel Staffing Group, LLC ("PSG") before a panel of three (3) arbitrators titled *In the Matter of Arbitration Between XL Insurance America, Inc. and XL Specialty Insurance Company v. Personnel Staffing Group, LLC* (hereinafter, "the Arbitration").  The Demand for Arbitration was filed on February 11, 2021.

7.      In the Arbitration, Petitioners allege, among other things, that PSG breached various insurance contracts and made several fraudulent misrepresentations during underwriting that has caused Petitioners to suffer damages in an amount exceeding $30,000,000.

8.      Upon information and belief, PSG and Respondent consummated an Asset Sale on or around July 30, 2021, wherein PSG purportedly sold and transferred nearly all of PSG's books and records, including books and records requested by Petitioners during discovery in the Arbitration.

9.      On February 10, 2023, the umpire sitting in this district issued a subpoena pursuant to 9 U.S.C. § 7 compelling the attendance of Respondent at the final Arbitration hearing ("February Subpoena").  The February Subpoena ordered Respondent to appear at the final hearing at the offices of Veritext/Winter Reporting at 7 Times Square, 16th Floor, New York, New York 10036, and further required the representative to bring with him/her documents within

2

his/her possession that are responsive to the requests on Schedule A of the February Subpoena. Attached hereto as **Exhibit A** is a true and correct copy of the February Subpoena to Respondent issued by the umpire in the Arbitration.

10.    Counsel for PSG approved the form and content of the February Subpoena.

11.    Respondent was successfully served on February 13, 2023, through its corporate agent registered with the New York Secretary of State.  Attached hereto as **Exhibit B** is a true and correct copy of the Affidavit of Service.

12.    The February Subpoena directed to and served on Respondent complies with Rule 45 of the Federal Rules of Civil Procedure.

13.    More than fourteen (14) days have passed since the service of the February Subpoena.

14.    The February Subpoena seeks information that is directly relevant to Petitioners' claims and PSG's defenses in the Arbitration, and is not unduly burdensome for many reasons, including that it seeks specific documents related to only eighteen (18) former clients of PSG and Respondent currently shares at least two employees, one of whom is a general counsel, with PSG.  The majority of the documents are forms and lists submitted by the eighteen (18) former clients of PSG.

15.    Respondent did not move to quash the subpoena or otherwise seek protection from the February Subpoena.  To the contrary, Respondent indicated that it intended to comply with the February Subpoena.

16.    Petitioners attempted to schedule a conference with Respondent to discuss the scope of the February Subpoena, but Respondent cancelled the meeting.

17. For reasons unrelated to the February Subpoena, the Arbitration hearing was continued to May 8, 2023.

18. After discussion, argument and written submissions by the Petitioners and PSG, on or about April 10, 2023, the Panel issued Interim Order No. 11 which, among other things, adjourned the return date of the February Subpoena to May 4, 2023.

19. The February Subpoena was amended to reflect the new return date ordered by the Panel ("April Subpoena"). Attached hereto as **Exhibit C** is a true and correct copy of the April Subpoena to Respondent issued by the umpire in the Arbitration and amended by Order of the Panel.

20. Other than the information regarding the appearance on May 4, 2023, the April Subpoena was identical to the February Subpoena.

21. The April Subpoena was served on Respondent on April 13, 2023, through its corporate agent registered with the New York Secretary of State. Attached hereto as **Exhibit D** is a true and correct copy of the Affidavit of Service.

22. The April Subpoena directed to and served on Respondent complies with Rule 45 of the Federal Rules of Civil Procedure.

23. Respondent did not move to quash the subpoena or otherwise seek protection from the April Subpoena. To the contrary, Respondent indicated that it intended to comply with the April Subpoena.

24. On April 25, 2023, Petitioners and counsel for Respondent discussed the scope of the April Subpoena. Respondent agreed to search for responsive documents and discuss the results of the search on April 28, 2023.

25.     On April 28, 2023, Petitioner and counsel for Respondent discussed Respondent's alleged inability to access the server upon which PSG placed all of PSG's books and records that were sold and transferred to Respondent.   Respondent agreed to continue its search for responsive documents.

26.     Regardless of Respondent's alleged inability to access PSG's documents, the April Subpoena required Respondent to appear at the May 4, 2023 hearing and provide testimony regarding PSG's documents and Respondent's efforts to search for and access responsive documents.

27.     More than fourteen (14) days have passed since the service of the April Subpoena.

28.     On the evening of May 3, 2023, Respondent withdrew its agreement to search for documents and for the first time refused to provide a witness at the May 4, 2023 hearing, but did not indicate that counsel for Respondent would not appear.

29.     The hearing was held on May 4, 2023.  Respondent and Respondent's counsel failed to appear.

## COUNT ONE

**(Compel the Attendance of Respondent under the Federal Arbitration Act)**

30.     Petitioners repeat, restate, and reallege the allegations of Paragraphs 1 through 29 of this Petition as if fully set forth herein.

31.     Respondent has been validly served with two arbitration subpoenas compelling his/her attendance at the final Arbitration hearing on May 4, 2023, before the arbitration Panel sitting in this district.

32.     Respondent has failed to comply with the foregoing arbitration subpoenas.

33.     Accordingly, the Court should issue an Order compelling compliance with the arbitration subpoenas attached hereto as Exhibits A and C.

**WHEREFORE**, Petitioners respectfully request that this Court issue an Order pursuant to 9 U.S.C. § 7 compelling compliance with the arbitration subpoenas to Respondent in the form attached hereto as Exhibits A and C, and award Petitioners such further relief as this Court deems just and proper.

Dated: <u>May 4, 2023</u>                           Respectfully submitted,
         New York, New York

                                                       **THOMAS KADIAN LLC**

By:     <u>*/s/ Samuel J. Thomas*</u>
        Samuel J. Thomas, Esq.
        11 Broadway, Suite 650
        New York, New York 10004
        Tel: (973) 996-4300
        Email: sthomas@thomaskadian.com

        *Attorneys for Petitioners*
        *XL Insurance America, Inc. and*
        *XL Specialty Insurance Company*